## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LYNWOOD LEGATO** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-03827** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## <u>DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 295th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

## I.
## PROCEDURAL BACKGROUND

1. On August 27, 2019, Plaintiff filed this action against State Farm in the 295th Judicial District Court of Harris County, Texas. The state cause number is 2019-60576 ("State Court Action"). In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief of $100,000 or less. (*See* Pl.'s Original Pet. at ¶ 44.) State Farm was served on September 6, 2019. State Farm filed its answer on September 27, 2019.

2. In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action 295th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

**II.**
**NATURE OF SUIT**

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed

to him in accordance with his insurance policy for damage to his home and other property caused

by wind. (*See* Pl.'s Original Pet. at ¶¶ 5–8.) Plaintiff asserts causes of action for breach of contract

and for violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the common

law duty of good faith and fair dealing. (*Id*. at 3–4.)

**III.**
**BASIS OF REMOVAL**

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28

U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy

exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiff was, and continues to

be, a Texas citizen. (*See* Pl.'s Original Pet. at ¶ 3.)  State Farm is an association of individual

underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined

and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated

association is determined by the citizenship of each member of the entity, not by the state where

the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir.

1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State

Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of

Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance

association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of

Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds $75,000. Plaintiff alleges that the actual damages are $70,466.35 (*See* Pl.'s Original Pet. at ¶ 11.)  and has plead for the recovery of treble damages, mental anguish, attorney fees and statutory interest (*Id* at ¶¶ 36-39). The request to recover treble damages under the Texas Insurance Code must be included when calculating the amount in controversy. See *Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010). Thus, removal to the Southern District of Texas is proper.

7.      The amount in controversy is further compounded if, as required, any of the following damages alleged in Plaintiff's Petition are included in calculating the amount in controversy: (a) statutory penalty on Plaintiff's insurance claim under Section 542 of the Texas Insurance Code; (b) attorneys' fees; (c) mental anguish.  In light of the foregoing evidence, it is indisputable that the amount in controversy in this case exceeds $75,000. See *Whitmire v. Bank One, N.A.*, No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $28,188.36, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000).  As such, Plaintiff cannot show that he is legally certain that the recovery will not exceed the amount stated in the Petition. See *De Aguilar*, 47 F.3d at 1411 ("we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

## IV.
## REMOVAL PROCEDURES

8.      On August 27, 2019, Plaintiff filed this case against State Farm in the 295th Judicial District Court of Harris County, Texas. State Farm was served on September 6, 2019.  State Farm filed its Answer on September 27, 2019. This Notice of Removal is being timely filed on October

3, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

9.    The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind or hail and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. *See* 28 U.S.C. § 1441(a).  Harris County is within the jurisdictional limits of the Houston Division. *See* 28 U.S.C. § 124(b)(2).

10.    All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiff.

11.    A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## <u>PRAYER</u>

11.    State Farm respectfully requests that the above-styled action now pending in the 295th Judicial District Court of Harris County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:_____

    **DALE M. "RETT" HOLIDY**
    Federal Bar No. 21382
    State Bar No. 00792937
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile
    rholidy@germer.com

    **ATTORNEY FOR DEFENDANT,**
    **STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem, III
Federal Bar No. 16798
State Bar No. 00785086
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jtatem@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 3rd day of October, 2019.

Chris Schleiffer                                                         **VIA CM/ECF**
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
chris@vosslawfirm.com


**DALE M. "RETT" HOLIDY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LYNWOOD LEGATO** | § | |
| | § | |
| **vs.** | § | **C.A. NO.**_____ |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:

1

Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks: Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez: Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan: Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles: Ms. Stiles is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence

and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi: Mr. Yi is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8. At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 25th day of September, 2019.

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 07, 2022

Notary Public for the State of Illinois

3

# **EXHIBIT A**

### LIST OF ATTORNEYS/PARTIES

1.      Chris Schleiffer
        THE VOSS LAW FIRM, P.C.
        The Voss Law Center
        26619 Interstate 45 South
        The Woodlands, Texas 77380
        Telephone: (713) 861-0015
        Facsimile: (713) 861-0021
        chris@vosslawfirm.com
        ***Attorneys for Plaintiff***

2.      Dale M. "Rett" Holidy
        James A. Tatem, III
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420
        rholidy@germer.com
        jtatem@germer.com
        ***Attorneys for Defendant***

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### LYNWOOD LEGATO VS. STATE FARM LLOYDS

        (a)     Plaintiff's Original Petition
        (b)     Notice of Service of Process (return citation not filed)
        (c)     Defendant State Farm Lloyds' Original Answer
        (e)     Docket Sheet

8/27/2019 4:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36326987
By: Nelson Cuero
Filed: 8/27/2019 4:17 PM

# 2019-60576 / Court: 295

CAUSE NO. _____

| | | |
|---|---|---|
| LYNWOOD LEGATO, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| **Defendant.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Lynwood Legato (hereinafter "Plaintiff"), and complains of State Farm
Lloyds (hereinafter "State Farm"). In support of his claims and causes of action, Plaintiff would
respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of
the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and
Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional
limits of this Court. Additionally, Venue is mandatory and proper in Harris County, Texas, in
accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events
giving rise to this suit occurred within this county.

## III.
## PARTIES

3.      Plaintiff is an individual whose residence is located in Cypress, Harris County, Texas.

4.      Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

## IV.
## FACTUAL BACKGROUND

5.      Plaintiff is a named insured under a residential property insurance policy issued by State Farm (hereinafter referred to as the "Policy").

6.      On or about March 28, 2018, a storm hit the Harris area and Plaintiff's property located at 21015 W. Farwood Terrace, Cypress, Texas 77433 (hereinafter referred to as the "Property"), was damaged. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.      Subsequently, State Farm underpaid Plaintiff's claim.

8.      The adjuster, assigned to the claim by State Farm, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages identified during the inspection.

9.      More specifically, upon acceptance of the claim by State Farm, State Farm sent out John Altemose to perform an inspection of the Property and Plaintiff's damages. On March 25,

2019, John Altemose discovered covered damage, rendering a total damage estimate amount of $565.44, which fell below Plaintiff's deductible.

10.     Dissatisfied with the first inspection, our client requested a second inspection. State Farm sent out Matthew B Renfro to perform an inspection of the Property and Plaintiff's damages. On April 12, 2019, Mr. Renfro discovered additional covered damage, rendering a total damage estimate amount of $1,064.03, which also fell below Plaintiff's deductible.

11.     In an effort of performing his due diligence, Plaintiff sought an additional and competent opinion from BNRB Construction. BNRB Construction found that the total amount to perform this job properly was $70,466.35, not $565.44 or $1,064.03, as State Farm represented.

12.     It is clear that State Farm's unreasonable investigation was the cause of Plaintiff's underpaid claim.

13.     Further, State Farm's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

14.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with State Farm. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

15.     As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

**V.**
**CLAIMS AGAINST DEFENDANT**

16.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

17.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

18.     All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of State Farm and were completed in its normal and routine course and scope of employment with State Farm.

**1. BREACH OF CONTRACT**

19.     According to the policy that Plaintiff purchased, State Farm had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

20.     As a result of the storm-related event, Plaintiff suffered severe external damages.

21.     Despite objective evidence of such damages, State Farm has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

**2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES**

22.     State Farm's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of Section

17.46(b), State Farm collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

> *17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

> *17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

> *17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

23.    Moreover, and specifically in violation of Section 17.50(a), State Farm collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to his detriment, in addition to engaging in the following:

> *17.50(a)(3)* - An unconscionable action or course of action; and

> *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

24.    As described in this Original Petition, State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

25.    As described in this Original Petition, State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services were of a particular standard,

quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

26.     By representing that State Farm would pay the entire amount needed by Plaintiff to repair the damages caused by the storm event and then not doing so, State Farm has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

27.     State Farm's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

28.     State Farm's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

29.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from State Farm. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by State Farm to his detriment. As a direct and proximate result of State Farm's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of State Farm are a producing cause of Plaintiff's damages that are described in this Original Petition.

30.     Since State Farm's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such

actual damages, for State Farm having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to State Farm having intentionally committed such conduct.

31.     As a result of State Farm's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. CHAPTER 541

32.     State Farm's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under, §541.051, it is an unfair and deceptive act or practice in the business of insurance to:

> §541.051(1)(A) - Making statements misrepresenting the terms of the policy; and
>
> §541.051(1)(B) - Making statements misrepresenting the benefits of the policy.

33.     Continuing, in violation of Section 541.060(a), State Farm engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> §541.060(a)(1) - Misrepresenting a material fact or policy provision relating to coverage;
>
> §541.060(a)(2)(A) - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

§*541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

§*541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

§*541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

§*541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder; and

§*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

34.     Further, State Farm violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

§*541.061(1)* - Making an untrue statement of material fact;

§*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

§*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

§*541.061(4)* - Making a material misstatement of law; and

§*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

## B. CHAPTER 542

34.     State Farm's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section

542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of State Farm to date, State Farm has thus far committed the following prohibited practices:

§542.003(b)(1) - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

§542.003(b)(2) - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

§542.003(b)(3) - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

§542.003(b)(4) - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

§542.003(b)(5) - Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

35.     State Farm has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, State Farm committed the following violations:

§542.055(a)(1) - Failing to acknowledge receipt of Plaintiff's claim within 15 days after State Farm received notice of Plaintiff's claim;

§542.055(a)(2) - Failing to commence an investigation of Plaintiff's claim within 15 days after State Farm received notice of Plaintiff's claim;

§542.055(a)(3) - Failing to request from the Plaintiff all items, statements, and forms that State Farm reasonably believes, at the time, was required from Plaintiff, within 15 days after State Farm received notice of Plaintiff's claim;

§*542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date State Farm received all items, statements, and forms required for State Farm to secure final prof of loss;;

§*542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

§*542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, State Farm delayed payment of the claim for a period exceeding the period more than 60 days.

36.     As a result of the above-referenced violations and acts committed by State Farm, and in accordance with §542.060 of the Texas Insurance Code, State Farm is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under §304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

37.     Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm having knowingly committed such conduct.

38.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm having intentionally committed such conduct.

39.     As a result of State Farm's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

40.     State Farm has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for State Farm's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

42.     State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

43.     State Farm's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

44.     More specifically, Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

45.     Furthermore, State Farm's conduct was committed knowingly and intentionally. Accordingly, State Farm is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

46.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

47.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO State Farm

A. REQUEST FOR DISCLOSURE

48.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that State Farm disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

49.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.      Please produce State Farm complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.      Please produce the CV of the individual responding to these discovery requests.

c.      Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

d.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

e.      Please produce the electronic diary, including the electronic and paper notes made by State Farm claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

f.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

g.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

h.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

i.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

j.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm intends to offer these items into evidence at trial.

## C. INTERROGATORIES

50.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.      Please identify any person State Farm expects to call to testify at the time of trial.

b.      Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the Claim;

c.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

d.      If State Farm or State Farm's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm or any of State Farm's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

e.      Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm's investigation.

f.      Please state the following concerning notice of claims and timing of payment:

        i.      The date and manner in which State Farm received notice of the claim;

       ii.     The date and manner in which State Farm acknowledged receipt of the claim;

     iii.     The date and manner in which State Farm commenced investigation of the claim;

     iv.     The date and manner in which State Farm requested from the claimant all items, statements, and forms that State Farm reasonably believed, at the time, would be required from the claimant; and

      v.      The date and manner in which State Farm notified the claimant in writing of the acceptance or rejection of the claim.

g.      Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff.

h.      Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

i.      When was the date State Farm anticipated litigation?

j.      Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy.

k.      Does State Farm contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

l.      Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

m.      Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

n.      How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

   i.      what performance measures are used; and
   ii.     describe State Farm's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

51.     Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Chris Schleiffer*
Chris Schleiffer
Texas Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20353134**
**Date Processed: 09/06/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Lynwood Legato vs. Stat:e Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-60576 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/06/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chris Schleiffer<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CAUSE NO.   201960576

RECEIPT NO.                          0.00        MTA
          **********             TR # 73663447

| | |
|---|---|
| PLAINTIFF: LEGATO, LYNWOOD | In The   295th |
|                vs. | Judicial District Court |
| DEFENDANT: STATE FARM LLOYDS | of Harris County, Texas |
| | 295TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION
    SERVICE COMPANY AT ITS REGISTERED ADDRESS
    OR WHEREVER IT MAY BE FOUND
    211  EAST 7TH STREET SUITE 620   AUSTIN TX 78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 27th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 27th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                                    MARILYN BURGESS, District Clerk
SCHLEIFFER, CHRISTOPHER MICHAEL                          Harris County, Texas
26619  INTERSTATE 45                                     201 Caroline, Houston, Texas 77002
THE WOODLANDS, TX  77380                                 (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-0015
Bar No.:  24088362                                       Generated By: CUERO, NELSON  7MM//11312853

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _9_ o'clock _A_.M., on the _4_ day of _September_, _2019_

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                        _____
                                        _____ of _____County, Texas

_____            By _____
        Affiant                                         Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                        _____
                                                      Notary Public

N.INT.CITR.P                    *73663447*

9/27/2019 3:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37202035
By: Adiliani Solis
Filed: 9/27/2019 3:07 PM

**CAUSE NO. 2019-60576**

| | | |
|---|---|---|
| **LYNWOOD LEGATO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **295TH JUDICIAL DISTRICT** |

**DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

**I.**
**GENERAL DENIAL**

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**

**DEFENSES**

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.    **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.    **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.    **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.    **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.    **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.    give immediate notice to us or our agent…

b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

* * * * *

d.    as often as we reasonably require:

(1)    exhibit the damaged property;

(2)    provide us with records and documents we request and permit us to make copies

(3)    submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

**7.**     Plaintiff failed to follow the Policy's condition precedent requirements in several ways: (1) Plaintiff failed to preserve evidence of certain damaged areas, as Plaintiff had already removed/replaced the alleged damage before State Farm could complete its inspections; (2) Plaintiff failed to report the claim for approximately 12 months; and (3) Plaintiff failed to mitigate damages, as required by the Policy. These failures were unreasonable and prejudiced State Farm's investigation of Plaintiff's claims.  Plaintiff, therefore, has failed to meet the Policy's conditions precedent and cannot recover, in whole or in part, on Plaintiff's breach-of-contract cause of action, and consequently on all of the other causes of action alleged in Plaintiff's Petition.

**8.     Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

9.     **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

     *  *  *  *  *

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

     *  *  *  *  *

    i.  mold, fungus or wet or dry rot….

    l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (2)  design, specifications, workmanship, construction, grading, compaction;

        (3)  materials used in construction or repair; or

        (4)  maintenance;

    c.  weather conditions.

10.  **Flood, Surface Water or Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

### SECTION I – LOSSES NOT INSURED

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

               * * * * *

    c.  **Water Damage**, meaning:

       (1)  Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

       (2)  water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to

> remove subsurface water which is drained from the foundation area…
>
> (3)    water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
>
> (4)    material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.
>
> *  *  *  *  *
>
> d.  **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

11.    **Personal Property.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

> **COVERAGE B - PERSONAL PROPERTY**
>
> We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:
>
> d.  **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.
>
> **SECTION I - LOSSES NOT INSURED**
>
> 2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

12.    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common

law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

13.     **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

14.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

15.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

**16.**    **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

**III.**
**RIGHT TO AMEND**

**17.**    State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**IV.**
**JURY DEMAND**

**18.**    State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

GERMER PLLC

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 27th day of September, 2019.

Chris Schleiffer                                            <u>VIA E-SERVICE</u>
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380


_____
**DALE M. "RETT" HOLIDY**

Harris County Docket Sheet

# 2019-60576

**COURT:**   295th

**FILED DATE:**   8/27/2019

**CASE TYPE:**   Insurance



---

### LEGATO, LYNWOOD

Attorney: SCHLEIFFER, CHRISTOPHER MICHAEL

### vs.

### STATE FARM LLOYDS

Attorney: HOLIDY, DALE MARETT

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

Unofficial Copy Office of Marilyn Burgess District Clerk